**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>SAGO TECHNOLOGY, INC., d/b/a JAK ECIG,<br><br>                            Debtor. | Chapter 11<br><br>Case No. 21-07313<br><br>Chief Judge A. Benjamin Goldgar |

**LIMITED OBJECTION TO MOTION OF SAGO
TECHNOLOGY, INC. FOR AN ORDER (A) AUTHORIZING
AND APPROVING SALE OF ITS REMAINING INVENTORY,
SUBJECT TO COUNTERBIDS, AND (B) AUTHORIZING SUCH SALE FREE
AND CLEAR OF ALL LIENS, ENCUMBRANCES, AND OTHER INTERESTS**

Fontem Ventures B.V. and Fontem Holdings 1 B.V. (together, "Fontem") hereby submits this Limited Objection and Reservation of Rights (the "Limited Objection") to the *Motion of Sago Technology, Inc. for an Order (A) Authorizing and Approving Sale of Its Remaining Inventory, Subject to Counterbids, and (B) Authorizing Such Sale Free and Clear of All Liens, Encumbrances, and Other Interests* [Docket No. 40] (the "Sale Motion")[1], and in support thereof, respectfully states as follows:

**Background and Introduction**

1.      Under 35 U.S.C. § 271(a) "[w]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." Under 35 U.S.C. § 283 "[t]he several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." And, under 35 U.S.C. § 284 "the court shall award the

---

[1]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Sale Motion.

153693707.3

claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." Here, Sago has not contested that the accused Sago products infringe Fontem's asserted patents. *See Fontem Ventures v. Sago Tech*., Case No. 20-cv-06037, Docket No. 29, at para. 3 (N.D. Ill. May 15, 2021) (in the "Patent Litigation"). Thus, any sale, offer to sell, or use of the accused Sago products by either Sago or a subsequent purchaser would infringe Fontem's patents.

2. The Patent Litigation concerns the JAK disposable e-cigarette and related patents held by Fontem. The Debtor filed a suggestion of bankruptcy on the Patent Litigation docket on June 15, 2021, and all proceedings in the Patent Litigation have been stayed since that time.

3. Fontem objects here to ensure that any order authorizing the transfer of the Inventory Assets makes clear that the sale is not "free and clear" of either (i) the ongoing Patent Litigation or (ii) liability for continuing infringement post-Closing[2] and that the only effect the sale will have on the pending litigation is that any successful purchaser will likewise become a defendant upon its sale of any of the Inventory Assets.

## Limited Objection

### I. The Sale of Inventory Assets Cannot Eliminate Liability for Continuing Patent Infringement Claims

4. The Sale Motion states that the Inventory Assets will be free and clear of all pledges, liens, and other interests pursuant to 11 U.S.C. § 363(f). The Inventory Assets are the same products which are the subject matter of the Patent Litigation. It should be made clear to all

---

[2] While this Limited Objection pertains to the relief requested in the Sale Motion, Fontem reserves and does not waive its right to assert an administrative expense claim for any postpetition infringement that has occurred during the pendency of the bankruptcy.

prospective purchasers that any post-sale infringement related to the Inventory Assets or the future sale of the Inventory Assets will remain subject to Fontem's claims and legal rights notwithstanding a sale pursuant to 11 U.S.C. § 363.

5. While debtors generally are able to sell assets free and clear of prepetition claims, that does not translate into a free pass for additional infringement. *See Fujifilm Corp. v. Benun*, Case No. 05-1863 (KSH) 2008 WL 2676596 at *8 (D. N.J. June 30, 2008) (finding that section 363 sale that was approved by bankruptcy court over patentee's objection did not terminate patentee's rights with respect to infringing products and did not prevent patentee from pursuing patent infringement claims against purchaser of assets in bankruptcy sale). Similarly, in a case considering a bankruptcy discharge, the Federal Circuit Court has held that a patent holder was not barred from bringing claims for infringing acts that occurred after the bankruptcy. *See Hazelquist v. Guchi Moochie Tackle Company, Inc.,* 437 F.3d 1178, 1181 (Fed. Cir. 2006) ("As Mr. Hazelquist is alleging that Mr. Yamaguchi engaged in infringing activity after the bankruptcy discharge, Mr. Hazelquist has a cause of action, or multiple causes of action, which arose after the bankruptcy discharge and which is not enjoined by section 524. Thus, Mr. Yamaguchi's bankruptcy discharge did not immunize him from suit for those causes of action that arose after the discharge.").

6. Consequently, it is clear that the Debtor's inventory cannot be "cleansed" of infringement claims through an asset sale under 11 U.S.C. § 363(f), and any buyer of the Inventory Assets cannot be absolved of legal liability for patent infringement. Fontem has the right to exclude others from making, importing, selling, and offering for sale goods that come within the scope of its patents. The bankruptcy sale cannot change the exclusionary rights of Fontem, who is not party to the sale. Thus, Fontem will retain its rights to pursue patent infringement claims,

including equitable remedies, against any party purchasing infringing inventory from the Debtor or the successful buyer.

## II. The Proposed Sale Order Should Be Amended

7. Fontem does not intend to delay the sale of the Inventory Assets. Accordingly, paragraph 5 the Proposed Sale Order should be revised to include the following bolded language:

> The transfer of the Inventory Assets to the Buyer will be as of the closing date, a legal, valid, and effective transfer of such Inventory Assets and shall vest the Buyer with all right and title to the Inventory Assets. Pursuant to section 363(f) of the Bankruptcy Code, the Inventory Assets shall be transferred to the Buyer, and, upon the closing, the Inventory Assets shall be free and clear of any and all Encumbrances, which Encumbrances, if any, shall attach to the sale proceeds in order of priority and subject to any disputes relating thereto; ***provided, however,*** **the transfer of Inventory Assets is not free and clear of claims (including, but not limited to, patent infringement claims, product warranty claims, and/or product liability claims) that Fontem Ventures B.V. and Fontem Holdings 1 B.V. has or may hold for patent infringement occurring post-closing by any person including the Buyer;** *for the avoidance of doubt* **such claims include, but are not limited to, the claims currently alleged in the action proceeding in the Northern District of Illinois under Case No. 1:20-cv-06307.**

8. These revisions to the Proposed Sale Order ensure that all potential purchasers are on notice that the sale would not absolve them from the liability that exists for continuing

infringement on Fontem's patents.

9.   Cases in other jurisdictions where debtors have sold assets pursuant to 11 U.S.C. §363(f) have entered orders with language similar to the amendment suggested here when faced with similar issues of pending patent infringement litigation. *See, e.g.*, *In re Aralez Pharmaceuticals US Inc.*, Case No. 18-12425 (MG) (Bankr. S.D.N.Y. 2018) [Docket Nos. 142, 318, 412] (objections raising issue of pending patent infringement litigation in free and clear sale and order adopting suggested language resolving dispute and preserving claims); *In re U.S.A. Dawgs Inc.*, Case No. 18-10453 (LEB) (Bankr. June 4, 2018) [Docket No. 332, 553] (similar). Accordingly, Fontem submits that the revision requested here is reasonable and will not delay the Sale.

## Reservation of Rights

10.   Fontem hereby reserves all of its rights to further object to the Sale Motion and the relief requested therein, and to object to any other relief that may be sought at or in connection with the Sale Hearing or transfer of the Inventory Assets.

## Conclusion

For the foregoing reasons, Fontem respectfully request that the Court (i) deny the request to sell that does not include the suggested changes to the Proposed Sale Order outlined above and (ii) grant Fontem such other relief as it deems appropriate.

[*Remainder of Page Intentionally Left Blank*]

153693707.3

Dated: September 2, 2021

By: /s/ *Kathleen M. Allare*
   Kathleen M. Allare

PERKINS COIE LLP
John D. Penn, Texas Bar No. 15752300
(Admitted to Practice Before U.S. District Court for the N.D. Illinois)
JPenn@perkinscoie.com
Kathleen M. Allare, Illinois Bar No. 632536
KAllare@perkinscoie.com
131 S. Dearborn Street Suite 1700
Chicago, Illinois 60603-5559
Phone:   (312) 324-8400

*Counsel to Fontem Ventures B.V. and Fontem Holdings 1 B.V*

153693707.3